UNITED STATES DISTRICT COURT

DISTRICT OF NEBRASKA

_____

UNITED STATES OF AMERICA,   )
                             )     Case No. 8:22CR222
       Plaintiff,        )
                             )
       vs.               )     Omaha, Nebraska
                             )     May 11, 2023
MARK BERNAL,             )     11:34 a.m.
                             )
       Defendant.        )
_____)

BEFORE:  THE HONORABLE MICHAEL D. NELSON, MAGISTRATE JUDGE

TRANSCRIPT OF PROCEEDINGS

CHANGE OF PLEA HEARING

APPEARANCES:
For the Plaintiff:
    U.S. Attorney's Office
    By:  Christopher L. Ferretti
    1620 Dodge Street
    Suite 1400
    Omaha, Nebraska 68102

For the Defendant:
    Berry Law Firm
    By:  Eric M. Hagen
    1414 Harney Street
    Suite 400
    Omaha, Nebraska 681102

Transcriptionist:
    Kelly Custard
    (402) 960-2198
    kelly.custard@accuwritesystems.com

Proceedings Recorded by Electronic Sound Recording
Transcript Produced by Transcriptionist

1           P-R-O-C-E-E-D-I-N-G-S

2           THE COURT:  Okay.  Good morning.  This is the matter of

3   United States of America versus Mark -- is it Bernal?

4           THE DEFENDANT:  Yes, sir.

5           THE COURT:  Case number 8:22CR222.

6           Counsel for the Government?

7           MR. FERRETTI:  Good morning, Your Honor.  Christopher

8   Ferretti, appearing on behalf of the United States.

9           THE COURT:  On behalf of the Defendant?

10          MR. HAGEN:  Good morning, Your Honor.  Please show the

11  appearance of Eric Hagen, on behalf of Mr. Bernal.

12          THE COURT:  Okay.  Mr. Bernal, we are scheduled for a

13  change of plea hearing today.  Before we can proceed, I must

14  determine whether you consent to proceed before me as a

15  magistrate judge.  You have the right to a change of plea

16  hearing before the district judge.

17          Do you understand that right?

18          THE DEFENDANT:  Yes, Your Honor.

19          THE COURT:  If you do consent before me, at the end of

20  the hearing, I will enter written findings as to what occurred.

21  I will either recommend that your guilty plea be accepted or not

22  accepted.

23          Do you understand?

24          THE DEFENDANT:  Yes, Your Honor.

25          THE COURT:  Do you consent to proceed before me, as a

1    magistrate judge?

2            THE DEFENDANT:  Yes, Your Honor.

3            THE COURT:  And is it true that you wish to enter a

4    guilty plea today?

5            THE DEFENDANT:  Yes, Your Honor.

6            THE COURT:  I will be asking you some questions about

7    your change of plea and the facts related to this charge.

8    Before I can do that, I'm going to need to place you under oath.

9            Will you please stand up and raise your right hand.

10       (The oath was administered to the Defendant.)

11           THE COURT:  You may be seated.

12           Sir, do you understand that you're under oath?

13           THE DEFENDANT:  Yes, Your Honor.

14           THE COURT:  Do you understand that your answers must be

15   truthful?

16           THE DEFENDANT:  Yes, Your Honor.

17           THE COURT:  Do you understand that these answers could

18   be used against you if you're later charged with perjury or

19   making a false statement?

20           THE DEFENDANT:  Yes, Your Honor.

21           THE COURT:  Today, we must be sure that you understand

22   the consequences of a guilty plea; that is what may happen to

23   you as a result of your pleading guilty to this charge.  We also

24   must make sure that your guilty plea is done freely,

25   voluntarily, and without any threat or force.

1          Do you understand?

2          THE DEFENDANT:  Yes, Your Honor.

3          THE COURT:  If you do not understand any questions or

4     words spoken, please either ask me or your attorney to explain

5     them.  You may consult with Mr. Hagen at any time during this

6     hearing.  If necessary, we'll take a break so that you can meet

7     with him privately.

8          Do you understand?

9          THE DEFENDANT:  Yes, Your Honor.

10         THE COURT:  Sir, what is your full name?

11         THE DEFENDANT:  Mark Bernal.

12         THE COURT:  Are you, in fact, the Defendant named in

13    the indictment?

14         THE DEFENDANT:  Yes, Your Honor.

15         THE COURT:  How old are you?

16         THE DEFENDANT:  49 years old.

17         THE COURT:  Where were you born?

18         THE DEFENDANT:  El Paso, Texas.

19         THE COURT:  What's the highest level of education that

20    you've completed?

21         THE DEFENDANT:  College.

22         THE COURT:  Have you ever been treated for mental

23    illness?

24         THE DEFENDANT:  Yes, Your Honor.

25         THE COURT:  Are you undergoing treatment now?

1       THE DEFENDANT:  I have a therapist that I see twice a

2   week.

3       THE COURT:  Are you on any medications?

4       THE DEFENDANT:  No, Your Honor.

5       THE COURT:  Are there any medications that you're

6   supposed to be taking but you're not taking?

7       THE DEFENDANT:  No, Your Honor.

8       THE COURT:  Are you under the influence of any alcohol

9   or drug today?

10      THE DEFENDANT:  No, Your Honor.

11      THE COURT:  Are there any medications that -- again,

12  that you're supposed to be taking but not taking?

13      THE DEFENDANT:  No, sir.

14      THE COURT:  Is there anything that I've not mentioned

15  that may be affecting your ability to think clearly or to make

16  sound decisions today?

17      THE DEFENDANT:  No, Your Honor.

18      THE COURT:  Do you think you're able to proceed with

19  today's hearing?

20      THE DEFENDANT:  Yes, Your Honor.

21      THE COURT:  The Court has observed the demeanor and

22  conduct of the Defendant and now finds him to be competent to

23  proceed with this hearing.

24      Sir, you've previously received a copy of the

25  indictment.  Correct?

1      THE DEFENDANT:  Yes, Your Honor.

2      THE COURT:  Have you read it, and do you understand the

3  charges against you?

4      THE DEFENDANT:  Yes, Your Honor.

5      THE COURT:  Have you discussed, with your attorney, the

6  nature of the offense charged against you in Count I of the

7  Indictment?

8      THE DEFENDANT:  Yes, Your Honor.

9      THE COURT:  In your petition, you are asking to plead

10  guilty to that charge.  It charges a violation of Title 18

11  United States Code, Section 2250(a).

12      Is that what you intend to do?

13      THE DEFENDANT:  Yes, Your Honor.

14      THE COURT:  If there was a trial in this matter, the

15  Government would be required to prove to a jury each element of

16  this charge beyond a reasonable doubt.  The elements are as

17  follows:

18      First, that you are a person required to register under

19  the act with the acronym S-O-R-N-A, SORNA and, second, that you

20  either, A -- and, second, that you are either a sex offender by

21  reason of a conviction under federal law, the UCMJ, the law of

22  the District of Columbia, Indian Tribal Law, or the law of a

23  territory or possession of the United States or, B, traveled in

24  interstate or foreign commerce or, C, entered, left, or resided

25  in Indian Country.  And, third, that you knowingly failed to

1     register or update your registration.

2          It's alleged that the offense occurred in the District

3     of Nebraska.

4          Mr. Ferretti, did I properly set forth the elements of

5     this charge?

6          MR. FERRETTI:  Yes.  Thank you, Your Honor.

7          THE COURT:  Mr. Hagen, do you agree?

8          MR. HAGEN:  Yes, Your Honor.

9          THE COURT:  Sir, do you have any questions about the

10    nature of the charge filed against you or what the Government

11    would have to prove in order to convict you of this charge?

12         THE DEFENDANT:  No, Your Honor.

13         THE COURT:  Have you discussed the facts of this case

14    and the evidence the Government has against you with your

15    attorney?

16         THE DEFENDANT:  Yes, Your Honor.

17         THE COURT:  Have you discussed, with him, any and all

18    defenses that you think you may have to this charge?

19         THE DEFENDANT:  Yes, Your Honor.

20         THE COURT:  Are you fully satisfied with the

21    representation provided by Mr. Hagen and the advice that he's

22    given to you in this case?

23         THE DEFENDANT:  Yes, Your Honor.

24         THE COURT:  The law under which you are charged does

25    provide certain penalties that can be imposed upon conviction.

1    These penalties are as follows:

2        You can receive a prison term for a maximum term of ten

3    years, a fine of not more than $250,000, or both such

4    imprisonment and a fine, a supervised release term of at least

5    five years and up to life in addition to any sentence of

6    imprisonment, special assessment of $100.  You may be ineligible

7    for certain federal benefits and restitution or forfeiture may

8    be ordered by the court.

9        Mr. Ferretti, did I properly set forth the statutory

10    penalties?

11    MR. FERRETTI:  Yes, Your Honor.

12    THE COURT:  Mr. Hagen?

13    MR. HAGEN:  Yes, Your Honor.

14    THE COURT:  Mr. Bernal, do you have any questions about

15    the statutory penalties that you're now facing?

16    THE DEFENDANT:  No, Your Honor.

17    THE COURT:  The United States Sentencing Commission has

18    issued guidelines that determine recommended sentencing ranges

19    for convicted federal offenders.  Have you spoken to your

20    attorney about these guidelines and how they might apply to your

21    case?

22    THE DEFENDANT:  Yes, Your Honor.

23    THE COURT:  The guidelines are not mandatory but they

24    are advisory.  In other words, they must be considered, but they

25    do not have to be followed, and you may be sentenced outside of

1    the advisory guideline range.

2            Do you understand?

3            THE DEFENDANT:  Yes, Your Honor.

4            THE COURT:  Do you understand that this range will not

5    be determined until after a presentence investigation report has

6    been completed and fully considered by the court?

7            THE DEFENDANT:  Yes, Your Honor.

8            THE COURT:  Sir, you are in a court of the United

9    States, a federal court, and in the federal system, parole has

10   been abolished.  Do you understand that, concerning any sentence

11   to imprisonment, under federal law, parole does not exist and,

12   therefore, if you're sentenced to imprisonment, you will not be

13   released on parole?

14           THE DEFENDANT:  Yes, Your Honor.

15           THE COURT:  In addition to any sentence of

16   imprisonment, the court must include a term of supervised

17   release to be completed after you serve any sentence of

18   imprisonment.  During this term, you will be supervised by a

19   probation officer, and you must comply with certain conditions.

20           Do you understand, generally, what is meant by

21   supervised release?

22           THE DEFENDANT:  Yes, Your Honor.

23           THE COURT:  Do you understand that if you violate a

24   condition of supervised release, it can be revoked and you can

25   be returned to prison and required to serve, in prison, all or a

1    part of that term without credit for any time that you may have

2    been under supervision?

3        THE DEFENDANT:  Yes, Your Honor.

4        THE COURT:  Do you have any questions about supervised

5    release?

6        THE DEFENDANT:  No, Your Honor.

7        THE COURT:  If your guilty plea is accepted, you'll be

8    found guilty of a felony.  This could later work to your

9    disadvantage.  For example, if you're later convicted of another

10   crime, your sentence for that crime could be increased simply

11   because of your conviction in this case.

12       Do you understand?

13       THE DEFENDANT:  Yes, Your Honor.

14       THE COURT:  In addition, conviction of this offense may

15   deprive you of valuable civil rights, such as the right to vote,

16   to hold public office, to serve on a jury, and to possess any

17   kind of firearm.

18       Do you understand?

19       THE DEFENDANT:  Yes, Your Honor.

20       THE COURT:  Do you think you understand all the

21   penalties that you now face under the law?

22       THE DEFENDANT:  Yes, Your Honor.

23       THE COURT:  You do have a written plea agreement with

24   the Government.  Federal Rule of Criminal Procedure 11(d) allows

25   the withdrawal of a guilty plea before it is accepted for any

1  reason or no reason at all or after it is accepted for a just

2  and fair reason.

3       Do you understand that you're waiving that right?

4       THE DEFENDANT:  Yes, Your Honor.

5       THE COURT:  You also have agreed to a specific sentence

6  or sentencing range, pursuant to Federal Rule of Criminal

7  Procedure 11(c)(1)(C).  Specifically, the parties have agreed

8  that you shall receive a sentence of not more than 18 months.

9  Do you understand that if the court accepts that plea agreement,

10 you will not be allowed to withdraw your guilty plea?

11      THE DEFENDANT:  Yes, Your Honor.

12      THE COURT:  Do you understand that if the court does

13 not accept the agreement and you decide to proceed to sentencing

14 anyway, the court will not be bound by that agreement?

15      THE DEFENDANT:  Yes, Your Honor.

16      THE COURT:  Regarding your petition to enter a plea of

17 guilty, do you read, write, and understand the English language?

18      THE DEFENDANT:  Yes, Your Honor.

19      THE COURT:  Did you read the petition and voluntarily

20 sign it?

21      THE DEFENDANT:  Yes, Your Honor.

22      THE COURT:  Was your attorney available to go over all

23 the questions with you and to make sure that your answers were

24 properly recorded?

25      THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Are all your answers in the petition voluntarily given?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Are they truthful?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Do you have any questions about anything in your petition?

THE DEFENDANT:  No, Your Honor.

THE COURT:  Concerning your written plea agreement, did you read and sign it after fully discussing it with your attorney?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Please listen carefully.  Mr. Ferretti is now going to summarize the terms of the parties' plea agreement.

MR. FERRETTI:  Thank you, Your Honor.

Mr. Bernal agrees, with the United States, that he'll plead guilty to Count I of the indictment, and that charges the violation of Title 18 U.S. Code, Section 2250(a).  The parties agree to the factual basis; that there is a factual basis for the guilty plea and agrees to the factual basis set forth in Section (II)(B) of the plea agreement, and that's in paragraphs 1 through 5 on page 2.

Regarding sentencing issues, as the Court already indicated, this is an agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).  The parties agree that Mr.

1   Bernal shall receive a sentence of not more than 18 months.  The

2   United States will also recommend that Mr. Bernal be sentenced

3   to the low end of the advisory guideline range, as calculated by

4   the United States, pursuant to the plea agreement.  Mr. Bernal

5   agrees to waive appeal and collateral attack except in the

6   limited circumstances that are set forth in Section VII.

7          Those are the most pertinent terms, Your Honor.

8          THE COURT:  Mr. Hagen, are those, in fact, the terms of

9   the plea agreement reached between your client and the

10  Government in this case?

11         MR. HAGEN:  Yes, Your Honor.

12         THE COURT:  Does the written plea agreement contain all

13  the terms of the entire plea agreement reached between the

14  parties?

15         MR. HAGEN:  It does, Your Honor.

16         THE COURT:  Mr. Bernal, do you agree that those are the

17  terms of the plea agreement?

18         THE DEFENDANT:  Yes, Your Honor.

19         THE COURT:  And do you agree that this written plea

20  agreement contains all terms, conditions, and promises that

21  you've reached with the Government in this case?

22         THE DEFENDANT:  Yes, Your Honor.

23         THE COURT:  In your plea agreement, you do waive or

24  give up the right to appeal your conviction and any sentence

25  imposed upon you except in certain limited circumstances, as

1    specifically set forth in your plea agreement.  Do you

2    understand that you're giving up that right?

3         THE DEFENDANT:  Yes, Your Honor.

4         THE COURT:  You're also waiving and giving up the right

5    to file any post-conviction proceedings except in certain

6    limited circumstances, as specifically set forth in the plea

7    agreement.

8         Do you understand that you're also giving up that

9    right?

10        THE DEFENDANT:  Yes, Your Honor.

11        THE COURT:  Mr. Hagan, did you fully and accurately

12   discuss, with your client, any and all plea offers made by the

13   Government to him?

14        MR. HAGAN:  I did, Your Honor.

15        THE COURT:  Sir, did you have a full opportunity to

16   consider any plea offers made?

17        THE DEFENDANT:  Yes, Your Honor.

18        THE COURT:  After doing so, did you voluntarily sign

19   the written plea agreement with the Government?

20        THE DEFENDANT:  Yes, Your Honor.

21        THE COURT:  Did anyone make any promises to you or

22   threaten you, in any way, to get you to sign the plea agreement?

23        THE DEFENDANT:  No, sir.

24        THE COURT:  Do you have any questions about your plea

25   agreement?

1    THE DEFENDANT:  No, Your Honor.

2    THE COURT:  You do have certain constitutional rights

3  which you give up when you plead guilty.  Please listen

4  carefully because I will be asking you whether you understand

5  that you have each of these rights and whether you voluntarily

6  give up these rights.

7    You have the right to plead not guilty to any offense

8  charged against you and to go to trial on any charge filed

9  against you in this case.  You have the right to a speedy and

10  public trial.  You have the right to the assistance of an

11  attorney without cost to you if you cannot afford an attorney.

12    You have the right to a trial and to have a jury

13  determine whether the Government has proved, beyond a reasonable

14  doubt, each and every element of the charged offense.  You have

15  the right to see and hear all witnesses and cross-examine any

16  person who is a witness against you.

17    You have the right not to testify at your trial so that

18  you cannot be compelled to incriminate yourself.  However, you

19  have the right to testify in your own defense if you want to

20  testify at your trial, and you have the right to subpoena or

21  present witnesses or other evidence to assist you at your trial.

22  And deciding not to testify or to put on any evidence cannot be

23  used against you.

24    Do you understand that, under the Constitution of the

25  United States, you have and can use all of these rights?

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  Do you understand that if your guilty plea

3    is accepted, there will not be a trial on the charge filed

4    against you because when you plead guilty, you give up your

5    right to a trial?

6          THE DEFENDANT:  Yes, Your Honor.

7          THE COURT:  If your guilty plea is accepted, you give

8    up your right to challenge the manner in which the Government

9    obtained its evidence against you; for example, the manner in

10   which you, your home, or your property were searched or the

11   manner in which you were questioned.

12          Do you understand?

13          THE DEFENDANT:  Yes, Your Honor.

14          THE COURT:  To get you to waive these constitutional

15   rights, has anyone connected with law enforcement or anyone else

16   threatened you, directly or indirectly, used any force against

17   you, or promised you anything outside of your written plea

18   agreement?

19          THE DEFENDANT:  No, Your Honor.

20          THE COURT:  Have you discussed your constitutional

21   rights with Your attorney?

22          THE DEFENDANT:  Yes, Your Honor.

23          THE COURT:  And do you freely and voluntarily give up

24   these constitutional rights with respect to the charge alleged

25   against you in Count I of the indictment?

1    THE DEFENDANT:  Yes, Your Honor.

2    THE COURT:  Mr. Ferretti, there is no forfeiture

3    allegation.  Correct?

4    MR. FERRETTI:  Correct, Your Honor.

5    THE COURT:  After consideration of the responses of the

6    Defendant in this case to all the questions asked at this

7    hearing, I now find the Defendant is competent to plead, he

8    understands the nature of the charge filed against him and the

9    possible penalties that may be imposed.

10   He understands his rights.  He willingly, voluntarily,

11   and knowingly waives those rights, and he fully understands the

12   consequences of waiving those rights, including the fact that

13   there will be no trial in this case because he is pleading

14   guilty.  I, therefore, accept the Defendant's waiver of his

15   rights.

16   Mr. Ferretti, I note, in the criminal cover sheet, that

17   there is an additional special assessment of $5,000 in this

18   case.  Is that true?

19   MR. FERRETTI:  I don't think that's right, Your Honor.

20   I don't think there's a --

21   THE COURT:  Mr. Hagen?

22   MR. HAGEN:  I'm not aware of that, Your Honor.

23   MR. FERRETTI:  It's not in the plea agreement or the --

24   it's not in the plea agreement, Your Honor.

25   THE COURT:  Well, it's clearly not in the plea

1    agreement.

2         MR. FERRETTI:  I don't recall there being one for a

3    2250(a) charge.

4         THE COURT:  I don't either, but, in reviewing the

5    criminal cover sheet, it does indicate that there's an

6    additional $5,000 special assessment.  Is the Government's

7    position that that's not correct?

8         MR. FERRETTI:  I think it is, Your Honor, based on my

9    recollection.  I don't know why it would be in there.

10        THE COURT:  And, Mr. Hagen, are you aware of any

11   additional special assessment that would be imposed upon

12   conviction for this particular offense?

13        MR. HAGEN:  I am not, Your Honor.

14        THE COURT:  One moment.

15        Well, the Court is not able to identify where the

16   reference and why there's a reference in the criminal cover

17   sheet to an additional special assessment of $5,000.  And it's

18   the Government's position that that notation on the criminal

19   cover sheet must be incorrect, given the parties' plea agreement

20   in this case?

21        MR. FERRETTI:  Yeah.  That's my position, Your Honor.

22        THE COURT:  Okay.

23        MR. FERRETTI:  And I apologize for the error, if it's

24   in there and it shouldn't be.

25        THE COURT:  And, Mr. Hagen, you do not believe that

1     there is an additional special assessment based on this offense?

2           MR. HAGEN: I do not believe so, Your Honor.

3           THE COURT: Okay. Well, the Court will rely on the

4     parties' statements on the record and the parties' plea

5     agreement. In the event that there is any additional special

6     assessment, that issue will have to be taken up at sentencing.

7           Is that acceptable to the Government?

8           MR. FERRETTI: Yes. And I will state, also, I don't

9     believe I appeared for the initial appearance in this case. I

10     don't know if it came up at that time, but I don't know if the

11     record indicates if -- or if the Defendant or counsel recall

12     what was -- what the advice given was at the initial appearance

13     was.

14           THE COURT: Well, Mr. Hagen, you were -- you did appear

15     at the initial appearance. Correct?

16           MR. HAGEN: I did, Your Honor. I'm not sure if I

17     recall at that time, but I would agree with the Court that if

18     there is something that needs to be addressed at the sentencing,

19     then we would take it up at that time.

20           THE COURT: It doesn't appear that it was addressed in

21     any way at the initial appearance, nor was there an amended

22     criminal cover sheet filed.

23           The Government is given leave to file an amended

24     criminal cover sheet if it chooses to do so. I take it the

25     Defendant would have no objection to that?

1    MR. HAGEN:  Correct, Your Honor.

2    THE COURT:  And, Mr. Ferretti, I guess I would just ask

3    that you address that, and if -- if it's correct that there's no

4    additional special assessment, to get an amended criminal cover

5    sheet on file so that we don't have any issues at the time of

6    sentencing.

7    MR. FERRETTI:  Yes, absolutely, Your Honor.  I'll do

8    that as soon as I get back to the office.

9    THE COURT:  Thank you.

10   Okay.  Well, then, just going back, I'll go ahead and

11   make the following findings again.

12   After consideration of the responses of the Defendant

13   in this case to all the questions I've asked, I now find he is

14   competent to plead, understands the nature of the charges filed

15   against him in Count I of the indictment and the possible

16   penalties that may be imposed.

17   He understands his rights.  He willingly, voluntarily,

18   and knowingly waives those rights, and he fully understands the

19   consequences of waiving those rights, including the fact that

20   there will be no trial in this case because he is pleading

21   guilty.  I, therefore, accept the Defendant's waiver of his

22   rights.

23   Mark Bernal, knowing and understanding everything in

24   your petition to enter a plea of guilty, your written plea

25   agreement, and everything that we've discussed, how do you now

1    plead to the offense charged against you in Count I of the

2    indictment?

3            THE DEFENDANT:  Guilty, Your Honor.

4            THE COURT:  To get you to plead guilty to that charge,

5    has anyone connected with law enforcement or anyone else

6    threatened you, directly or indirectly, used any force against

7    you, or promised you anything outside of your written plea

8    agreement?

9            THE DEFENDANT:  No, Your Honor.

10           THE COURT:  Are you freely and voluntarily pleading

11   guilty to the offense charged against you in Count I of the

12   indictment?

13           THE DEFENDANT:  Yes, Your Honor.

14           THE COURT:  And are you, in fact, guilty of that

15   offense?

16           THE DEFENDANT:  Yes, Your Honor.

17           THE COURT:  The parties have agreed to a factual basis

18   in the plea agreement.  I would appreciate if you would, Mr.

19   Ferretti, reciting the factual basis for the record.  That would

20   be those facts that the Government would expect to prove by

21   evidence beyond a reasonable doubt if there were a trial in

22   order to convict the Defendant of this charge.

23           Mr. Bernal, please listen carefully.

24           Mr. Ferretti.

25           MR. FERRETTI:  Yes.  Thank you, Your Honor.

1       And, again, reading from -- basically, reading verbatim

2 from the plea agreement, in Section (II)(b), page 2, on January

3 8th, 2009, Mr. Bernal was convicted of possession of child

4 pornography, three counts, in Will County, Illinois.  He was

5 sentenced to three years custody and served about a year and a

6 half.  Mr. Bernal is a sex offender as a result of this

7 conviction, and he is required to register as a sex offender in

8 any state or tribal land in which he resides, pursuant to the

9 Sexual Offender Registration and Notification Act, which is

10 SORNA, a federal law.

11       On October 31st, 2019, Mr. Bernal registered as a sex

12 offender at an apartment address on Wolfram -- West Wolfram

13 Street in Chicago, Illinois.  On June 15, 2021, Chicago police

14 attempted to locate Mr. Bernal at his residence in Illinois

15 after he was overdue for his annual sex offender registration.

16 The building manager stated that the Defendant, Mr. Bernal,

17 moved out on April 1st, 2021, with his new spouse but did not

18 leave a forwarding address.

19       The U.S. Marshals learned that Mr. Bernal was working

20 as a sommelier -- or sommelier in Omaha, Nebraska, using the

21 name Mark Reyes.  Defendant's website biography stated he moved

22 to Lincoln, Nebraska, in March 2020, from Chicago, Illinois.

23       On June 1st, 2022, the marshals located a rental

24 address for Mr. Bernal and his spouse in Omaha and subsequently

25 observed him at the residence at that address on multiple

occasions throughout the month of June 2022.  They spoke with
the landlord, who provided the rental application and the rental
agreement Mr. Bernal signed with his wife -- or I'm sorry -- he
signed with his wife.  They signed the rental agreement on
December 31st, 2021, but the property manager believed they
didn't move out -- move in for a couple months because they had
a winter rental in Texas or Arizona.  Defendant, Mr. Bernal, and
his spouse established utilities at the residence on January
5th, 2022.

     Mr. Bernal did not register or attempt to register, nor
did he update his sex offender registration, pursuant to the
requirements of SORNA, between approximately April 1st, 2021,
and September 26th, 2022, when he was arrested.

     THE COURT:  Mr. Bernal, do you agree that the facts
that you agreed to in your written plea agreement and those
facts just recited on the record by counsel for the Government
would be the evidence that would be entered against you -- or
offered against you if the charge to which you're pleading
guilty went to trial?

     THE DEFENDANT:  Yes, Your Honor.

     THE COURT:  Do you agree that those facts are true?

     THE DEFENDANT:  Yes, Your Honor.

     THE COURT:  And is that what happened in this case?

     THE DEFENDANT:  Yes, Your Honor.

     THE COURT:  And do you agree that the Government would

1  be able to prove all these facts?

2  　　　　THE DEFENDANT:  Yes, Your Honor.

3  　　　　THE COURT:  Mr. Ferretti, do you certify that the

4  Defendant's guilty plea is freely, voluntarily, knowingly, and

5  intelligently made and that there is a factual basis for his

6  guilty plea?

7  　　　　MR. FERRETTI:  I do, Your Honor.

8  　　　　THE COURT:  Are there any questions you believe should

9  be posed to the Defendant?

10  　　　　MR. FERRETTI:  No.

11  　　　　THE COURT:  Mr. Hagen, do you make the same

12  certification?

13  　　　　MR. HAGEN:  Yes, Your Honor.

14  　　　　THE COURT:  Any questions that you believe should be

15  posed to your client?

16  　　　　MR. HAGEN:  No, Your Honor.

17  　　　　THE COURT:  The Court now finds the Defendant is

18  competent and capable of entering an informed plea to the charge

19  alleged against him in Count I of the indictment.  He is aware

20  of the nature of that charge and the consequences of his guilty

21  plea.  His guilty plea is knowing and voluntary and is supported

22  by a factual basis concerning each essential element of the

23  offense charged.  And he is aware that his answers during these

24  proceedings may be used against him if there's later a charge of

25  perjury or a false statement.

1    Sir, I'm going to recommend that your guilty plea be

2    accepted, and I will order that a presentence investigation

3    report be prepared.  The presentence process may include an

4    interview so that you can provide all information useful in

5    determining your sentence.  It may also be helpful with regard

6    to classification, programming, and supervision matters.  Your

7    level of cooperation and participation is very important.  It

8    should be discussed with your attorney.

9    Any determination concerning the plea agreement, that

10   is whether it should be accepted or rejected, will be deferred

11   until after the court has examined the presentence investigation

12   report and the case proceeds to sentencing.  Order on sentencing

13   schedule to issue -- the sentencing hearing will be set before

14   Judge Buescher, to take place on August 16th, 2023, at 11:00 in

15   the morning.

16   The Defendant has been on release -- has been released

17   on conditions pending trial in this matter.  It's at file -- and

18   those conditions are at Filing Number 16.  There have been some

19   modifications as well.

20   The Court has received a status report concerning the

21   Defendant's performance on pretrial release.  That filing is at

22   Filing Number 34.  It indicates that the Defendant has remained

23   compliant with his release conditions and reports as directed.

24   He maintains employment and attends counselling.  There have

25   been no violations of his location, monitoring, and curfew.

1   There have been essential compliance and regular attendance at

2   sessions and appointments with regard to his counselor.

3          Does the Government seek detention pending sentencing

4   in this matter?

5          MR. FERRETTI:  No, Your Honor.

6          THE COURT:  Mr. Bernal, because you have been compliant

7   with the conditions of pretrial release and the Government is

8   not seeking detention pending sentencing, I will allow you to be

9   on release but only if you understand that you have to abide by

10  those same conditions and any modifications that have been

11  entered in this case.  Do you agree to do so?

12         THE DEFENDANT:  Yes, Your Honor.

13         THE COURT:  Do you have any questions about that?

14         THE DEFENDANT:  No, Your Honor.

15         THE COURT:  Do you promise to appear for sentencing and

16  any other court proceedings?

17         THE DEFENDANT:  Yes, Your Honor.

18         THE COURT:  Do you promise to surrender for service of

19  any sentence that may be imposed in this case?

20         THE DEFENDANT:  Yes, Your Honor.

21         THE COURT:  And are you aware of the penalties and

22  sanctions that you were advised of at the time that you were

23  released?

24         THE DEFENDANT:  Yes, Your Honor.

25         THE COURT:  Any questions about any of that, either of

1    your attorney or the Court?

2         MR. HAGEN:  Your Honor, I would just make one request,

3    if now is a good time, regarding these conditions of release.

4         THE COURT:  Sure.

5         MR. HAGEN:  Two requests.  I've spoken with his

6    probation officer, Julie Gust, and I've also spoken with counsel

7    for the Government on these.

8         We'd ask modifications -- one being, simply, that Mr.

9    Bernal be permitted to travel for work at the discretion of

10   probation.  I think that's reflected in paragraph G, but I don't

11   know if it would also need to be within R, related to the

12   curfew.  Probation Officer Gust was uncomfortable granting that

13   without a court order.

14        THE COURT:  One moment.

15        Okay.  And what's the other condition -- or the --

16        MR. HAGEN:  The other condition, Your Honor, would be

17   modification of, it looks like, Section -- paragraph M, which is

18   refrain from any use of alcohol.  We'd ask that that just be

19   modified -- either stricken or modified to no excessive use of

20   alcohol, for reasons being -- obviously, this is not an

21   alcohol-related offense, but, in addition, Mr. Bernal is a wine

22   consultant.  He hosts numerous tastings and also, as part of his

23   continuing education, he's been invited to train and test as a

24   master sommelier.  And so, obviously, for work purposes, he'd

25   like to be able to do tastings.

1          THE COURT:  Okay.  Does the Government have a position

2   with regard to those requests?

3          MR. FERRETTI:  I'm fine with it if probation is fine

4   with it, Your Honor.  That's -- that was my position.

5          THE COURT:  Mr. Hagen, what I would ask you to do is to

6   reach out to the supervising officer, Julie Gust, request that a

7   consent to modify conditions of pretrial release be prepared and

8   entered and submitted to the court for its approval.  I will do

9   the same.

10          I will wait for the recommendation from pretrial.  If

11   it's recommended, given the fact that the Government does not

12   object to it, I'm likely to grant that.  But it will be done

13   through a consent to modify conditions of release, which has

14   been done a couple other times in this case, and that will

15   require Mr. Bernal's signature on it.  Once that's presented to

16   the court, if I approve, I'll go ahead and get it entered.

17          MR. HAGEN:  Understood, Your Honor.

18          THE COURT:  Anything else?

19          MR. HAGEN:  Nothing further on that, Your Honor.

20          THE COURT:  Anything for the Government?

21          MR. FERRETTI:  No.  Thank you, Your Honor.

22          And I will check on that special assessment issue, Your

23   Honor.

24          THE COURT:  Thank you.

25          Okay.  Good luck, sir.  We're in recess.  The parties

1    are excused.

2              MR. HAGEN:  Thank you, Judge.

3              THE DEFENDANT:  Thank you, Your Honor.

4              MR. FERRETTI:  Thank you.

5         (Proceeding concluded at 12:08 p.m.)

6

7                    C E R T I F I C A T E

8

9         I, KELLY CUSTARD, court-approved transcriber, certify

10   that the foregoing is a correct transcript from the official

11   electronic sound recording of the proceedings in the

12   above-entitled matter.

13

14
          S/Kelly Custard                    5/15/23
15        Kelly Custard                      Date

16

17

18

19

20

21

22

23

24

25